Magistrate Judge McCandlis

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 16 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VOLODYMYR KVASHUK,<br><br>Defendant. | NO. MJ19-321<br><br>MOTION FOR DETENTION |

The United States moves for pretrial detention of the Defendant, pursuant to 18 U.S.C. 3142(e) and (f).

1. **Eligibility of Case.** This case is eligible for a detention order because this case involves (check all that apply):

    ☐   Crime of violence (18 U.S.C. 3156).

    ☐   Crime of Terrorism (18 U.S.C. 2332b (g)(5)(B)) with a maximum sentence of ten years or more.

    ☐   Crime with a maximum sentence of life imprisonment or death.

    ☐   Drug offense with a maximum sentence of ten years or more.

☐ Felony offense and defendant has two prior convictions in the four categories above, or two State convictions that would otherwise fall within these four categories if federal jurisdiction had existed.

☐ Felony offense involving a minor victim other than a crime of violence.

☐ Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. 921), or any other dangerous weapon.

☐ Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. 2250).

☒ Serious risk the defendant will flee.

☒ Serious risk of obstruction of justice, including intimidation of a prospective witness or juror.

2. **Reason for Detention.** The Court should detain defendant because there are no conditions of release which will reasonably assure (check one or both):

☒ Defendant's appearance as required.

☐ Safety of any other person and the community.

3. **Rebuttable Presumption.** The United States will invoke the rebuttable presumption against defendant under 3142(e). The presumption applies because:

☐ Probable cause to believe defendant committed offense within five years of release following conviction for a qualifying offense committed while on pretrial release.

☐ Probable cause to believe defendant committed drug offense with a maximum sentence of ten years or more.

☐ Probable cause to believe defendant committed a violation of one of the following offenses: 18 U.S.C. 924(c), 956 (conspiracy to murder or kidnap), 2332b (act of terrorism), 2332b(g)(5)(B) (crime of terrorism).

KVASHUK/MOTION FOR DETENTION - 2

☐    Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) through 2252(a)(3), 2252A(a)(1) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4.    **Time for Detention Hearing.**  The United States requests the Court conduct the detention hearing:

☐    At the initial appearance

☒    After a continuance of 3 days (not more than 3)

DATED this 16th day of July, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

MICHAEL DION
Assistant United States Attorney

KVASHUK/MOTION FOR DETENTION - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970