THE HONORABLE MARY ALICE THEILER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. MJ19-321 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S RESPONSE TO |
| v. | ) | GOVERNMENT'S MOTION FOR |
| | ) | DETENTION ORDER |
| VOLODYMYR KVASHUK, | ) | |
| | ) | July 19, 2019, at 2:30 p.m. |
| Defendant. | ) | |
| | ) | |

## I.    MOTION FOR RELEASE

Volodymyr Kvashuk, through Assistant Federal Public Defenders Greg Geist and Mohammad Ali Hamoudi, moves for his release under the terms and requirements of the Bail Reform Act ("BRA") of 1984. See Title 18 U.S.C. §§ 3141-3156, et seq. The government has moved for detention on the basis that Mr. Kvashuk is a serious risk of flight – with the possibility of flight solely to the Ukraine – based on the nature and circumstances of the offense and because he is a Ukrainian citizen with ties to that country. Dkt. 2, p. 1-2. While the government criticizes the United States Probation Office because of internal policies – and speculates about the reasons the Probation Office made its recommendation for release – the government uses the incorrect criteria that the Court must apply to analyze whether it should release Mr. Kvashuk. If the government had its way, Mr. Kvashuk would be required to prove that conditions of release "would *actually* prevent flight." Dkt. 9 at p. 8 (emphasis in original). Not only does the government wish to shift the burden of proof on Mr. Kvashuk, but the

government uses an incorrect standard to determine whether or not Mr. Kvashuk should be released. This Court must determine whether there are conditions that "will reasonably assure the appearance" of Mr. Kvashuk. 18 U.S.C. § 3142(c)(1)(B).

The government fails to explain how Mr. Kvashuk will flee to the Ukraine or why he would want to flee to the Ukraine – a country where his life is in danger. The government has possession of Mr. Kvashuk's passport and Mr. Kvashuk applied for asylum because he fears for his life in the Ukraine. Exhibit 1. In the Ukraine, he had to hide to avoid detection and certain harm. In the United States, he has lived in an open manner, has not attempted to return to the Ukraine, and is taking every possible step to remain in the United States.

In moving for detention, the government's analysis fails to bring to the Court's attention well settled legal principles and facts that impact the decision as to whether Mr. Kvashuk should be released pending trial. In support of detention, the government points to the fact that Mr. Kvashuk is a Ukrainian citizen who has overstayed his visa, has ties to the Ukrainian community, a country that does not have an extradition treaty with the United States, and argues "[i]f released, Kvashuk will have tremendous incentive to flee to his homeland, the Ukraine." Dkt. 9 at p. 7.

If Mr. Kvashuk was going to flee to the Ukraine, he would have fled after Microsoft investigators interviewed him on May 10, 2018 (Dkt. 1 at p. 12), after Microsoft investigators conducted another interview on May 18, 2018 (Dkt. 1 at p. 12), or in June 2018 when he was fired from Microsoft because, as the government alleges, he was in possession of millions of dollars. *U.S. v. Sanchez*, 2011 WL 744666 (C.D. Cal. 2011) (defendant aware of the threat of prosecution – never fled – not serious flight risk). Since 2018, Mr. Kvashuk has not fled. Instead, he remained in the United States, applied for asylum because his life is threatened in the Ukraine, maintained community ties, obtained a new job, and helped start a company. This is conduct consistent with a

RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
(*Volodymyr Kvashuk*; MJ19-321) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1    person who believes he is innocent and is ready to vindicate his innocence. *U.S. v.*

2    *Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985) ("In concluding that the Government's

3    burden in denying bail on the basis of flight risk is that of the preponderance of the

4    evidence, we are not unmindful of the presumption of innocence and its corollary that

5    the right to bail should be denied *only for the strongest reasons.*) (emphasis added).

6         The government only presents speculation and theories, which lack substance, to

7    support its conclusion that Mr. Kvashuk will flee. For example, the government claims

8    that Mr. Kvashuk "*may* well have the means to flee," "has great incentive to return to

9    his home country," "*could* have millions hidden somewhere," and "has accounts and

10    bitcoin wallets that *may* hold additional proceeds." Dkt. 9 at p. 1-2 (emphasis added).

11    The government is unable to present actual evidence to support its conclusions.

12         The government fails to bring to the Court's attention that Microsoft fired Mr.

13    Kvashuk for what the government alleges is criminal behavior in June 2018 involving

14    millions of dollars. If an incentive to flee existed, it came to exist in May 2018, when

15    Microsoft investigators questioned Mr. Kvashuk, or in June 2018 when Mr. Kvashuk

16    was fired from Microsoft. Dkt. 9, p. 2. And if Mr. Kvashuk profited as "high as $10

17    million" (*Id.* at 2.) dollars from his alleged conduct and Microsoft fired him because of

18    that conduct, he would have fled to Ukraine over a year ago.

19         The government claims that Mr. Kvashuk "claims to have applied for asylum,"

20    suggesting that Mr. Kvashuk may not have applied for asylum. Even though the

21    government had over a year to verify whether or not Mr. Kvashuk applied for asylum, it

22    has chosen to cast suspicion on an easily verifiable fact. In fact, the government has

23    verified whether an application was status had been submitted in other cases brought

24    before this very Court. *See United States v. Rincon-Meza,* Case 2:19-mj-00109-MAT,

25    Dkt. 1, p. 4 ("HSI has not located any application or record that RINCON-MEZA has

26    applied for lawful status.").

RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
(*Volodymyr Kvashuk*; MJ19-321) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

The United States government received Mr. Kvashuk's asylum application on June 19, 2015. Exhibit 1 at p. 13. The United States Citizenship and Immigration Services scheduled an appearance for Mr. Kvashuk. Exhibit 1 at p. 13. Mr. Kvashuk made a subsequent appearance in California. Mr. Kvashuk applied for employment authorization, which was received by the United States government on December 7, 2015. Exhibit 1 at p. 15. The federal government approved Mr. Kvashuk's application for employment authorization. Exhibit 1 at p. 17.  Thus, when the government argues that Mr. Kvashuk's application for status is solely based on his own claims, suggesting it may not be credible, it hopes to cast doubt on Mr. Kvashuk's credibility as a whole.

The government argues that Pretrial Services is recommending release because they are "bound by highly restrictive set of policies." Dkt. 9, p. 8. The policy referred to is a policy that states "the [pretrial] officer considers information relevant to all factors listed in 18 U.S.C. § 3142(g) except for the weight of the evidence. Only the judicial officer considers this factor since weighing evidence is uniquely a judicial officer's responsibility and area of expertise."  As the Court is aware, the weight of the evidence, is the least important factor. *Motamedi,* 767 F.2d at 1405.

## II.    CONCLUSION

Mr. Kvashuk requests this Court to follow the Probation Office's recommendation to release Mr. Kvashuk.

DATED this 19th day of July, 2019.

Respectfully submitted,

*s/ Greg Geist*
Assistant Federal Public Defender

s/ *Mohammad Hamoudi*
Assistant Federal Public Defender

RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
(*Volodymyr Kvashuk*; MJ19-321) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I certify that on July 19 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all attorneys of record.

s/ *Charlotte Ponikvar*
Paralegal
Office of the Federal Public Defender

RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
(*Volodymyr Kvashuk*; MJ19-321) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**